The opinion of the court was delivered by
Tii.ghman, C. J.
This is a motion to set aside the execution, which was issued for the use of Daniel Smith and others, assignees of George Harrison, who had entered judgment on a bond with warrant of attorney, &c., from said Sarah and William Wain. Mr. Harrison’s debt was' secured also by a mortgage from Sarah Wain, bearing the same date as the bond, viz: the 15th November, 1818, on two houses and lots in Second Street. The assignees of the judgment paid full value for it, and received an assignment both of the judgment and mortgage; and they laid their execution, not on the mortgaged property, but on a house and store in Market Street, and also on several tracts of land near Frankfort, in the county of Philadelphia, claimed, in part by Jacob, and in part by Nicholas Wain, sons of Nicholas Wain the elder, deceased, and of his widow, Sarah Wain, one of the defendants. The motion to set aside the execution, was made on behalf of the paid Jacob and Nicholas Wain, and their counsel have rested it on different grounds, which shall be considered distinctly, as I think the case *319 has been somewhat perplexed, by blending matters which ought to be kept separate.
1st. In the first place, it was said, that part of this property belonged, in equity, to Jacob, and part to Nicholas Wain, having been held in trust for them by their father, Nicholas, who devised it to their mother, Sarah, the defendant. All claim of this kind, is to be thrown out of the question; because if Jacob and Nicholas Wain have an equitable title, they may maintain it in ejectment, and there can be no occasion for the summary interpositipn of this court. The sheriff can sell no more than the title of Sarah Wain, such as it is, and if Jacob and Nicholas have an equity, and due notice is given at the time of sale, the purchaser must take it subject to that equity. It is the rule of this court, not to interfere with executions, regularly issued, - but in case of necessity, and where land is sold by the sheriff, as the property of the defendant, which is claimed by a third person, (a very common case,) the parties are left to contest the title in an ejectment.
2d. But Jacob and Nicholas Wain rely likewise, on the equity of their case, independently of any title, legal or equitable, vested in them in the life of their father. I will state the circumstances of the case. Nicholas Wain the elder, devised his estate, of which the property in question was part, to his wife Sarah in fee. Sarah Wain having made herself responsible for large sums, due to sundry persons, from her son William, her friends became alarmed for her situation, as well on her own account, as that of her other sons Jacob and Nicholas, and advised her to make some provision for those sons, provided it could be done, consistently with the principles of justice. In order to ascertain this, they made an estimate of her property, and her debts, by which it appeared, that her property amounted to 119,000 dollars, and her debts to about 78,000 dollars. Supposing, therefore, that the thing might be done, with the strictest propriety, Sarah -Wain, by the advice of her nephew, Thomas Wislar, and her friend Thomas Stewartson, both men of undoubted integrity, executed conveyances of the lands and real estate, on which this execution was laid, to her. sons, Jacob and Nicholas Wain, in severalty, bearing date thé 3d June, 1819, posterior to the plaintiff’s judgment, which was entered the 5th May, 1819. A negotiation afterwards took place between the Bank of North Jlmerica and Mrs, Wain, and between her and the Phoenix Insurance Company, to both which, Messrs. Wistar and Stewartson were privy; and they say, that the directors of these corporations were informed of the conveyances which Mrs. Wain had made to Nicholas and Jacob Wain. On the 13th November, 1819, Mrs. Wain gave her bond and warrant, &c. to'the Bank of North Jlmerica, for 40,2.00 dollars, and on the same day, she gave her bond and warrant to' the Phoenix Insurance Company, for 17,000 dollars, judgments were entered on both these bonds a few days after their date. The bond to the Bank of North *320 America, was for sundry debts of William Wain, for which Mrs. Wain had made herself responsible, and the bond to the Phoenix Insurance Company was for a debt of William Wain’s, for which bis brother Nicholas had become responsible, ■ and which was assumed by Mrs. Wain, it being understood that Nicholas should be discharged. Previous to the execution"of these bonds, Nicholas Wain had réconveyed to his mother, the real estate which she had before .conveyed to him. The deed of re-conveyance bears date the 22d July, 1819, and was recorded the same day. The avowed object of this re-conveyance was, to prevent the Phoenix Insurance Company, from obtaining a lien on the property of Nicholas by a judgment, ■ which was expected to be soon entered in a suit then depending.
On the 5th November, 181-9, Mrs. Wain executed a deed by which she conveyed to Thomas Wistar and Thomas Stewartson, (ivithout their knowledge) the real estate which had been re-conveyed to her by -her son Nicholas, as before mentioned, in trust for Nicholas and. his heirs, but by an agreement between Mrs. Wain and Nicholas, she was to enjoy the rents and profits for her life. Contrary to the expectation of Messrs. Wistar and Stewart-son, the estate of Mrs. Wain was unequal to the payment of her debts. She afterwards, on the 18th March, 1822, executed an assignment of all her property of every kind, to Ilenry Nixon and others, in trust, to sell the same and apply the proceeds to the payment of her debts, giving’ a preference to the judgments of the Bank of North America, and the Phoenix Insurance Company. Sometime after this assignment, the Bank of North America settled on Mrs. Wain, an annuity of 800 dollars per annum for life, and the Phoenix Insurance Company settled on her an" annuity of 340 dollars per annum for .life..- These corporations are the real plaintiffs in t-his execution, and they levied, not on the mortgaged property, but on the property conveyed by Mrs. Wain, to her sons Jacob and Nicholas, which was bound by George Harrison’s judgment, in order that they might afterwards levy on the mortgaged property by virtue of their own judgments, or that Henry Nixon and others (the general assignees of Mrs. Wain) might sell the property and apply it to the payment of these judgments. It was contended by the counsel for Jacob and Nicholas Wain, that the execution in this case should have been laid on the mortgaged property, and that the plaintiffs ought not to be permitted, in this indirect manner, to defeat the conveyance made by Mrs. Wain, of which they had notice before she gave her bonds to them. On the other hand, the plaintiffs say, that, having acquired a legal advantage, by the purchase of George Harrison’s judgment, the court ought not to prevent them from making the most of that advantage, for the purpose of receiving their just debts. If Jacob and Nicholas Wain, were purchasers for a. valuable consideration, therewould.be strong ground for the interference of the court. *321 In such case there would be great reason for restraining the execution of the plaintiffs, in the first instance, to the mortgaged property, which should be exhausted before they were suffered to touch the property of purchasers. But this case is otherwise. Jacob and Nicholas Wain received a voluntary conveyance from their mother, which cannot stand against her creditors. But, it is objected, -that the plaintiffs knew of these conveyances and assented to them. It*appears that they did know of them. But that they assented, so as to preclude their ever after calling them in question, has not beenmadeout by any means to our satisfaction. 'They gave no writing, evidencing any kind of assent, or confirmation. Nor is it alleged, by the witnesses,- that any confirmation was made, by positive parol agreement. From the circumstance of the existence of the conveyances being communicated to the plaintiffs, and no objection being made by them, their assent has been inferred. Now how stands the equity of the case? It was taken for granted by Mrs. Wain and her friends, who advised her to make the conveyances to her sons, that there would be a considerable surplus of her estate, after paying all debts. The character of all the parties forbids any idea of an intent to provide for the children, at the expense of creditors. When Messrs. Stewartson and Wistar communicated to the plaintiffs the situation of Mrs. Wain’s affairs, no doubt the plaintiffs were induced to believe, that they should receive full payment of their debts. Now it turns out, that there was a great mistake in that important particular. The debts will not be paid, if the conveyance stand good against the creditors. What equity then have the children against the creditors? The plaintiffs ask nothing of the court. They have the law on their side. But the children call for the interference of the court, because the proceedings of the plaintiffs are against equity. Under the circumstances of this case, would chancery compel the plaintiffs to relinquish their legal rights? I cannot think it would. The plaintiffs have given no writing, have done no act, confirming the conveyances to Jacob and Nicholas Wain. And as to any implied assent, under a supposition that their debts would be paid, its force is very much impaired by the' actual event, which hak shown that the debts cannot be paid without resorting to the funds in the hands of the children. I desire it to be understood, that I give no opinion on any title which Jacob or Nicholas Wain, may have, paramount to the title derivéd from their mother, nor on any right which they may have to resort to their father’s estate, for. debts due to them from him. There are appearances of hardship, in their case,-but the whole is not sufficiently disclosed, to authorise the court, to express an opinion. If debts are due from the estate of Nicholas Wain, deceased, and those debts still retain their lien on the real property, the court would have a right to apply the proceeds of the sale," to the discharge of the lien, when the mo.ney shall be brought in by the sheriff. But that is no reason fon setting *322 aside this question. All that is now to be considered, is, whether the proceedings of the plaintiffs have been shown to.be, so much against equity, that the court should arrest the execution. I am of opinion that this has not been shown, and therefore the motion should be rejected.
Motion rejected.